UNITED STATES v. YAMASHITA.

SAME v. FURUYA & CO.

(Circuit Court, W. D. Washington, N. D.   January 21, 1910.)

Nos. 1,320, 1,321 (1,740, 1,741).

CUSTOMS DUTIES (§ 30*)—CLASSIFICATION—FISH IN SMALL PACKAGES.

In Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 258, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1650), relating to fish "in packages containing less than one-half barrel," classification should be determined by the size of the container in which the merchandise is packed for transportation and wholesale trade, rather than of the container in which it is packed for retail trade; and fish in boxes of a capacity of not less than one-half barrel, but filled with one pound paper packages for retail, is not dutiable under said provision.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

Elmer E. Todd, U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

HANFORD, District Judge.   The appeals in these two cases present for adjudication a single question as to the proper classification of imported merchandise for the purposes of assessing duties under the Dingley tariff law of 1897 (Act July 24, 1897, c. 11, § 1, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626]).   The merchandise consists of dried fish imported in boxes containing either 110 pounds or 220 pounds; the boxes being filled with one pound paper packages containing the fish, in which form it is sold at retail.   The collector of customs exacted payment of duty at the rate of 30 per cent. ad valorem, under the last clause of paragraph 258 of the tariff act of 1897 which reads as follows:

"Fish in packages containing less than one-half barrel, and not specially provided for in this act, 30 per centum ad valorem."

The importers paid the duty under protest, contending that the duty should have been assessed at the rate of three-fourths of one cent per pound under the first clause of paragraph 261 of said act, which reads as follows:

"261. Fish, fresh, smoked, dried, salted, pickled, frozen, packed in ice, or otherwise prepared for preservation, not specially provided for in this act, three-fourths of one cent per pound."

Their contention was sustained by the decision of the Board of General Appraisers, and to reverse that decision the collector of customs appealed to this court.

By the provisions of the law the rate of duty collectible is to be fixed by reference to the bulk and weight of the package in which the fish is imported, and the question in these cases arises from the fact

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the fish was imported in one pound paper packages in form suitable for retail trade and distribution to consumers, and that a number of one pound packages were incased in boxes of weight and bulk sufficient to avoid the 30 per cent. ad valorem clause of the tariff law. It is the opinion of the court that the most reasonable construction of the law is that which tends to simplify the collector's duties and facilitate economy and convenience in the method of collecting revenue.

Therefore the decision of the Board of General Appraisers, in holding that the box in which the merchandise was packed for transportation and wholesale trade is the package which determines the classification, rather than the more numerous and frail containers in which it was put up for retail trade, is correct, and the court affirms that decision.